UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GLEN FOREMAN, | : | |
| | : | CIVIL ACTION NO. 3:02 CV 1204 (AVC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FAMILY CARE VISITING NURSE AND | : | |
| HOME CARE AGENCY LLC, | : | October 27, 2003 |
| | : | |
| Defendant and Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THERESA FOREMAN, | : | |
| | : | |
| Third-Party Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES**

Defendant, Family Care Visiting Nurse and Home Care Agency, LLC, submits

this memorandum of law in opposition to the Motion for Attorney's Fees filed by Plaintiff, Glen

Foreman ("Plaintiff"). Defendant contends the fees sought by Plaintiff should be significantly

reduced because significant portions of Plaintiff's fees are incorrectly calculated, unnecessary,

unrelated to the prosecution of Plaintiff's claims, based on improperly recorded time entries,

excessive, and/or redundant.

**I.      BACKGROUND**

Plaintiff initiated this matter in Connecticut Superior Court.  The Complaint

alleged Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 203 et seq., and

Connecticut's wages statute, C.G.S. § 31-71a, by classifying him as an independent contractor

during the several years he provided transportation services to Defendant. The Complaint sought

lost overtime, liquidated damages and attorneys' fees. In July 2002, Defendant removed this

matter to Federal Court.

Plaintiff asserts that he first learned that he was misclassified in May 2002 when

he was referred to the unemployment office by an unidentified individual. Plaintiff obtained

information from the unemployment office regarding his classification and discussed it with his

wife, Theresa Foreman ("Mrs. Foreman"), who was Defendant's Human Resources Director

during the time Plaintiff provided driving services to Defendant. Mrs. Foreman advised Plaintiff

that he should contact the labor board or her attorney.[1]

The Connecticut Department Labor ("DOL") provides extensive services to assist

individuals who believe they were not properly classified by their employers and, as a

consequence, did not receive certain benefits available under Connecticut's wage and hour laws

(e.g., unpaid overtime compensation). Apparently, Plaintiff did not contact the DOL for this

purpose because Defendant is unaware of any claim filed by Plaintiff with the DOL for unpaid

overtime compensation.

Notwithstanding her later suggestion that Plaintiff file the instant action, Mrs.

Foreman was instrumental in the underlying decision to retain and continue using Plaintiff as an

independent driving contractor. In fact, it was Mrs. Foreman, in her capacity as a highly paid

executive with self-proclaimed experience and knowledge in wage and hour law, who

recommended retaining Plaintiff's services and treating him as an independent contractor.

During the course of Mrs. Foreman's employment with Family Care, Plaintiff

never questioned or challenged his independent contractor status, nor the means by which he was

---

[1] Glen Foreman's Deposition Transcript, p. 41, attached to Declaration of Conrad S. Kee ("Kee Declaration") at Tab A.

compensated for services rendered. In fact, on each of their relevant joint tax returns, Plaintiff and Mrs. Foreman completed a Schedule C (Profit or Loss From Business) with respect to the services Plaintiff performed for Family Care, thereby holding Plaintiff out to the Internal Revenue Service as an independent contractor. On each of those tax returns, they claimed significant business-related expenses that exceeded Plaintiff's income from Defendant.

For example, in the year 2000, Plaintiff claimed to the IRS that he had driven 117,792 miles on behalf of Family Care, resulting in an expense of $38,325.00. Even if he drove for Family Care every single day of the year, which he did not, Plaintiff would have had to log 322 miles per day to reach this total. This is highly improbable considering Plaintiff's driving routes were local runs. Plaintiff also claimed expense of $2,760.00 for insurance, thereby increasing his total claimed expenses to $41,729.00. Thus, as a consequence of Defendant paying Plaintiff as an independent contractor, Plaintiff and Mrs. Foreman were able to avoid paying *any* federal or state income tax on Plaintiff's earnings, and were even able to offset a significant portion of Mrs. Foreman's income.

Despite this financial benefit, a few weeks after Mrs. Foreman left Family Care, Plaintiff filed the above-mentioned state court complaint, alleging he had been an employee, not an independent contractor, and was entitled to unpaid overtime, statutory liquidated damages and attorneys' fees. Upon information and belief, he has not amended his tax returns to reflect this alleged employee status. Moreover, at no time prior to commencing this suit did Plaintiff or Plaintiff's attorney contact Defendant to make a demand for unpaid overtime. The first time Defendant learned of Plaintiff's claim was when it was served with Plaintiff's summons and complaint.

On November 18, 2002, the Court granted Family Care's motion for leave to

3

implead Mrs. Foreman as a third-party defendant. The third party complaint alleged breach of fiduciary duty/duty of loyalty, fraud, unjust enrichment, and negligence. Mrs. Foreman retained Plaintiff's counsel to represent her, as well.

On March 26, 2003, Family Care served upon Plaintiff an Offer of Judgment in the sum of $14,484.00. Plaintiff accepted the Offer on April 3, 2003, thereby ending the litigation between Plaintiff and Defendant. On September 16, 2003, the Court ordered the Clerk to enter an order for the amount of the Offer of Judgment. On September 18, 2003, the Clerk so entered the judgment. Defendant's third party complaint against Mrs. Foreman remains pending.

## II.    ARGUMENT

On September 26, 2003, Plaintiff filed a motion for attorney's fees. Included with the motion was an affidavit from Plaintiff's attorney, with billable time entries from 2002 and 2003 attached, seeking payment for 65.6 hours of work for a total of $13,120.00. For the following reasons, the total number of hours and the dollar amount sought should be decreased significantly.

### A.    The Court Has Broad Discretion to Adjust Claimed Attorneys' Fees Downward If Those Claimed Fees Are Unreasonable

When a claim for attorneys' fees is made under the Fair Labor Standards Act, the Court is authorized to review the substance and circumstances of the claimed fees to determine whether they are fair and reasonable. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1982). To make this determination, the Court employs a two-step approach. The first step is to ascertain the number of hours each attorney reasonably spent on the matter. Hensley, 461 U.S. at 433. This includes analyzing the substance and applicability of each time entry; e.g., whether the legal work claimed is sufficiently identified and explained, whether the work truly involved the FLSA matter, whether the work was redundant or unnecessary, etc. During this step, the Court is

authorized to reduce the number of hours claimed to have been spent on the matter. <u>Soler v. G &</u> <u>U, Inc.</u>, 801 F.Supp. 1056, 1060 (S.D.N.Y. 1992).

Once the Court determines the reasonable number of hours, it then multiplies that number by a reasonable hourly rate for the billing attorney. <u>Id.</u> The resulting figure is called the lodestar amount. The Court may then adjust this lodestar amount upward or downward depending on the circumstances of the case. <u>Id.</u>, <u>citing</u>, <u>Pennsylvania v. Delaware Valley</u> <u>Citizens' Counsel</u>, 483 U.S. 711, 729-31, 107 S.Ct. 3078 (1987); <u>Blum v. Stenson</u>, 465 U.S. 886, 899, 104 S.Ct. 1541 (1984).

**B.     The Reasonable Hourly Rate For Plaintiff's Counsel is No More than $175 per Hour**

In paragraph 6 of the Affidavit of Plaintiff's Counsel In Support of Application for Attorney's Fees, Plaintiff's counsel states his normal hourly rate for legal services in 2002 was $175 per hour. Plaintiff's counsel states his normal hourly rate for legal services in 2003 was $200 per hour. Plaintiff, has not, however, provided any evidence that these hourly rates are those prevailing in the community for similar services by counsel of reasonably comparable skill, experience and reputation. Moreover, Plaintiff's counsel has not submitted any evidence of his alleged fixed fee agreement with Plaintiff. Such evidence is generally a factor in evaluating a reasonable rate. <u>Sorrentino v. All Seasons Services</u>, 245 Conn. 759, 776, 717 A.2d 150 (Conn. 1998). In fact, "the actual billing arrangement certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded." <u>The Crescent Publishing Group,</u> <u>Inc. v. Playboy Enterprises, Inc.</u>, 246 F.3d 142, 151 (2d Cir. 2001).

Notwithstanding this, according to his own time records, Plaintiff's counsel spent 23.3 hours on Plaintiff's matter in 2002 and 42.3 hours in 2003. At a minimum, the 23.3 hours from 2002 should have been billed at $175 per hour, with the remaining 42.3 hours billed at

$200. However, in paragraph 7 of his affidavit, Plaintiff's counsel seeks to recover "$13,120.00, for 65.6 hours of work, at the rate of $200.00 per hour." This is incorrect, since his time in 2002 should have been billed at $175 per hour, not $200. Therefore, assuming arguendo all the time Plaintiff's counsel claims is accurate and appropriate, which Defendant denies, the Court should use no more than $175 per hour as a reasonable hourly rate for this matter.

## C. The Majority of Hours Expended By Plaintiff's Counsel Were Not Reasonably Expended in This Matter

### 1. The Litigation in This Matter Was Unnecessary

Hours the Court deems "excessive, redundant or otherwise unnecessary" may be excluded from the lodestar determination. Patterson v. Julian, 250 F.Supp.2d 36, 48-49 (N.D.N.Y. 2003). Here, the litigation in Court was unnecessary. First, Plaintiff never made a demand to Defendant for overtime compensation prior to filing the instant action. Moreover, as discussed above, the DOL provides an administrative mechanism for employees to vindicate their rights under Connecticut's wage and hour laws. The DOL has a toll-free number, a user-friendly website on the internet with easily understandable wage and hour advice, and simple complaint forms. Plaintiff was aware of the DOL's services in, at the latest, May 2002, well before he filed this action.[2] Further, his wife, Mrs. Foreman, was a human resources professional with nearly ten years experience. In addition, she also reviewed the DOL information Plaintiff received in May 2002, well before Plaintiff commenced this action.[3]

Thus, this litigation was not necessary. Plaintiff could have achieved the same result by contacting the DOL, thereby avoiding the unnecessary cost of engaging an attorney. Even in the unlikely event Plaintiff and his wife did not realize from their review of the DOL's materials that such an option was available, Plaintiff's attorney should have so advised Plaintiff.

---

[2] See, Glen Foreman's Deposition Transcript, p. 41, attached to Kee Declaration at Tab A.
[3] Id.

In doing so, Plaintiff's counsel would certainly have need no more than five hours (i.e., advising his client and responding, as needed, to DOL requests for information), rather than the significant time he expended bringing this action.

Thus, because the bulk of the time spent on this litigation was unnecessary, any time in excess of five hours should be excluded when calculating reasonable attorneys' fees.

### 2. Several Time Entries Should Be Excluded Because They Commingle Different Activities

Many of Plaintiff's counsel's time entries contain several activities improperly grouped together. For example, the June 11, 2002 entry states: "Research status of defendant with Secretary of State. Draft writ, summons and complaint. Draft letter to marshal [(3.10 hours)]." Likewise, the September 16, 2002 entry states: "Prepare Rule 26 report. Organize review and produce documents. Telephone call with client re: information for Rule 26 report [(2.20 hours)]." There are several similar entries, each claiming significant time, but not allocating the amount of time spent on each specific activity.

Such entries are improper and should be excluded from the Court's calculations of reasonable attorneys' fees. "[T]he commingling of activities within one time entry impedes the court's efforts to evaluate the reasonableness of any of the listed activities." Soler, 801 F.Supp. at 1063 (excluding 31.75 hours from claimed attorneys' fees because relevant time entries contained commingled activities, which prevented Court from evaluating reasonableness of time entries). Accordingly, all such entries should be excluded from the Court's calculation of Plaintiff's attorney's fees.

In addition to the June 11, 2002 (3.1) entry and September 16, 2002 (2.2) entries discussed above, the other time entries containing improperly commingled activities include:

July 15, 2002 (0.3 hours); August 14, 2002 (0.4); August 19, 2002 (1.10); September 17, 2002 (2.5); October 21, 2002 (0.3); November 1, 2002 (1.5); November 26, 2002 (3.2); January 21, 2003 (3.5); January 22, 2003 (2.4); January 23, 2003 (0.8); February 11, 2003 (0.8); February 19, 2003 (1.5); February 20, 2003 (0.1); March 31, 2003 (3.5); April 1, 2003 (0.2); and April 3, 2003 (1.4). The total number of hours billed to these entries with commingled activities is 28.8. If these hours were billed at $200 per hour, as Plaintiff's counsel calculates in his Application, the requested attorneys' fees should be reduced $5760.00.[4]

### 3.    Significant Portions of the Claimed Attorney's Fees Are for Work Performed On Behalf of Theresa Foreman, Not Plaintiff

As discussed above, Plaintiff's counsel is also representing Mrs. Foreman in Defendant's third party complaint. Since Plaintiff accepted Defendant's offer of judgment on April 3, 2003, there has been no need for further legal work on Plaintiff's behalf. Mrs. Foreman's case, on the other hand, remains pending, with certain legal work performed on her behalf. Several of the time entries for which Plaintiff's counsel seeks payment in this motion are attributable to his representation of Mrs. Foreman, not Plaintiff. The inclusion of these time entries in Plaintiff's application for attorney's fees is improper and the fees sought should be reduced accordingly. Soler, 801 F.Supp. at 1063 (reducing attorneys' fees by amount of time devoted to other party).

The specific entries that should be discounted are the following:

> a.    February 21, 2003: Review letter from Attorney Grenier, motion to extend time, 26(f) report for third party claim. (1.0 hours).

On its face, this entry is related to the third party claim, not to Plaintiff's claims. Thus, it should

---

[4] This $5760.00 figure does not take into account whether the Court already adjusted the total amount downward based on Plaintiff's counsel using the incorrect hourly rate for 2002 entries. The total amount of hours attributed to entries with commingled activities in 2002 is 14.6. $175 times 14.6 is $2555.00. Therefore, if the Court already made the downward adjustment on 2002 entries, the total reduction in attorneys' fees for commingled entries would be $5395.00 (i.e., 14.6 hours at $175/hour plus 14.2 hours at $200/hour).

be omitted from Plaintiff's attorney's fees entitlement.  Moreover, this entry is improper because

it commingles activities.

      b.      February 25, 2003:  Draft letter to Grenier; draft statements re: defenses and counterclaims.  (0.60 hours)

Again, this activity was on behalf of Mrs. Foreman.  The letter and draft

statements referenced were prepared in response to Defendant's February 21 letter and proposed

Rule 26(f) report for third party claim discussed in item 1, above.[5]  Accordingly, this time should

be discounted, as well.  Moreover, this entry is improper because it commingles activities.

      c.      April 2, 2003:  Telephone call with C. Grenier re:  settlement offer. Telephone call with T. Foreman.  (0.20 hours)

Here, again, the entry is clearly related to the representation of Mrs. Foreman, not

Plaintiff.  Thus, it should be excluded.  Moreover, this entry is improper because it commingles

activities.

      d.      June 3, 2003:  Telephone call with client re:  settlement conference (0.20 hours)

June 5, 2003:  Draft Settlement Conference Statement (2.10 hours)

June 6, 2003:  Revise Settlement Conference Statement, mail to Special Master Murphy.  (0.50 hours)

June 11, 2003:  Prepare for, travel to and attend Settlement Conference in Hartford.  (4.30 hours)

September 10, 2003:  Prepare for. Travel to and attend second Settlement Conference.  (3.20 hours)

The settlement conferences referred to in these time entries involved the third

party claims against Mrs. Foreman.[6]  They had no bearing on Plaintiff's fully resolved matter.

Plaintiff had long since accepted the offer of judgment and his participation in the ongoing

---

[5] A copy of Mrs. Foreman's counsel's February 25 letter is attached as Exhibit A.
[6] A copy of the Court's notice regarding the June 11, 2003 settlement conference regarding the third party complaint is attached as Exhibit B.  A copy of the Court's notice regarding the September 10, 2003 settlement conference is attached as Exhibit C.

litigation was concluded.  To the extent Plaintiff was involved in this settlement conference, it was as Mrs. Foreman's spouse and, because any money Mrs. Foreman may have paid in settlement would have presumably come from their marital assets, as an interested party in the settlement discussions.  The outcome of the settlement conference had no bearing on Plaintiff's acceptance of the offer of judgment.

Simply because Plaintiff's counsel chose to also represent Mrs. Foreman does not mean he can reasonably and fairly attribute work done on behalf of Mrs. Foreman to Plaintiff's case.  Such a recovery would be an unfair windfall and is contrary to the intent of the FLSA. Accordingly, each of these time entries should be excluded.

Further, to the extent the June 11, 2003 and September 10, 2003 entries charge for travel time, such time, if the Court deems it valid, must be billed at half of the hourly prevailing rate.  Patterson v. Julian, 250 F.Supp.2d 36 (N.D.N.Y. 2003).

> e.    October 2, 2002:  Telephone call with client re:  unemployment hearing.  (0.10 hours)
>
> October 3, 2002:  Telephone call with client re:  unemployment hearing. (0.10)
>
> October 30, 2002:    Telephone call with Foreman re:    results of unemployment hearing.  (0.20 hours)

The unemployment hearing referred to in these time entries was that of Mrs. Foreman, which was held on October 10, 2002.[7]  Upon information and belief, there was no unemployment hearing for Plaintiff in October 2002.[8]    Accordingly, these two time entries

---

[7] A copy of the Employment Security Appeals Division hearing notice regarding Mrs. Foreman's October 10, 2002 hearing is attached as Exhibit D.

[8] On October 15, 2002, there was an informal hearing with the Connecticut Department of Labor, Field Audit Unit regarding the Department's own inquiry into the independent contractor status of certain individuals (including Plaintiff) who had provided driving services to Defendant.  This was unrelated to Plaintiff's federal litigation, and it was not an unemployment hearing.  Accordingly, time spent on this DOL matter would not properly included in

should be excluded from Plaintiff's attorney's fees calculation.

For the above reasons, these entries, which total 12.5 hours, should be ignored. Accordingly, the attorneys' fees claimed by Plaintiff's counsel reduced by an additional $2490.00.[9]

### 4. Time Allocated to Research Should Be Reduced Because It is Excessive

In paragraph 2 of Plaintiff's Counsel's Affidavit, he avers he has been practicing law in Connecticut for sixteen years and. During the past ten years, "a significant portion of [his] practice has been in employment-related legal matters." In paragraph 6, Plaintiff's counsel further avers that his hourly rates are reasonable "based upon [his] experience in litigating this type of case in Connecticut." Notwithstanding this apparent breadth of experience, Plaintiff's counsel bills nearly nine hours solely to research regarding claims under the FLSA and state wage and hour statute. This seems unreasonable given the fact the issues in this matter were neither novel or particularly complex. Small v. Richard Wolf Medical Instruments Corp., 264 F.3d 702, 708 (7th Cir. 2001)(affirming District Court's reduction of hours experienced FLSA attorney billed on relatively straightforward matter).

Specifically, the time entries include the following:

a.    June 10, 2002: Legal research re: FLSA claim. Review of elements of Connecticut wage payment statute claim. Review of factual background, possible causes of action. (3.20 hours)

b.    January 7, 2003: Legal research re: determination of independent contractor and employee status for FLSA. Analyze facts in light of factors. (3.30 hours)

---

Plaintiff's attorney's fees calculations. Soler, 801 F.Supp. 1063 (excluding time spent solely responding to government inquiries).
[9] I.e., 0.4 hours at $175/hour in 2002 ($70.00), plus 12.1 hours at $200/hour in 2003 ($2420.00).

      c.      January 20, 2003: Review case law regarding FLSA standards. Determine prospects for summary judgment decisions. (2.30 hours)

Moreover, not only do these entries appear unreasonably excessive, they also appear redundant. As such, they should be ignored or reduced to a more reasonable figure of three hours.

**5.    Summary of Hours Reasonably Expended**

As noted above, no more than five hours was necessarily expended to achieve the result in this case because of the availability of the Connecticut Department of Labor. Even disregarding this issue, plaintiff's requested hours should be reduced by a total of 46.1 hours, including 28.8 hours for commingled time entries, 12.5 hours for work performed on behalf of another party, and 4.8 hours for unnecessary research. Accordingly, the Court should allow between 5 and 19.5 hours for plaintiff's counsel work in this matter.

**D.    Plaintiff's Lodestar Claim Should Be Reduced Downward**

Once the Court has determined the reasonable amount of hours expended and the reasonable hourly rate for such services, it has the discretion to reduce the product of those two figures based on other external factors. United States Football League v. National Football League, 887 F.2d 408, 415 (2d Cir. 1989). Such factors include: (1) the novelty and difficulty of the issues; (2) the skill required to properly perform the legal services; (3) the amount involved and the results obtained; (4) the length of time and nature of the attorney's professional relationship with the client; (5) time limitations imposed by the client; and (6) the litigation's interference with the attorney's ability to handle other matters. Id. Some of these factors may be subsumed by the Court's initial calculation of the lodestar rate, but many are not.

For example, this case presented issues that were not particularly complex or

novel. It essentially required an application of the facts to the well-defined independent contractor test under the Fair Labor Standards Act. This should not have been a particularly difficult task for an experienced employment attorney. Moreover, the amount at issue was not, by Federal litigation standards, significant. In fact, the matter resolved for under $15,000. In addition, notwithstanding that much of the time billed to this matter should be excluded, it does not appear, based on the total amount of time he billed, that handling this matter precluded Plaintiff's counsel from taking on other matters or consumed a prohibitive amount of time.

The federal court system should not provide a financial incentive to commence a lawsuit without determining whether the parties can resolve their differences before commencing the lawsuit. To the extent that the Court does not consider the availability of the Department of Labor or the plaintiff's failure to make any attempts to resolve this matter before commencing suit in the context of hours reasonably expended, the Court should consider these factors as a basis to reduce the lodestar calculation downward.

## III.   CONCLUSION

For the foregoing reasons, Defendant, Family Care Visiting Nurse and Home Care Agency, LLC, respectfully requests that the Court exercise its discretion by fully reviewing and properly reducing significantly the amount of attorney's fees Plaintiff, Glen Foreman, seeks in his motion for said fees.

Respectfully submitted,

DEFENDANT
FAMILY CARE VISITING NURSE AND
HOME CARE AGENCY LLC

By: _____
Roger P. Gilson, Jr.
CT 07810
Conrad S. Kee
CT 16904
Christian A. Grenier
CT 21851
JACKSON LEWIS, LLP
177 Broad Street, P.O. Box 251
Stamford, Connecticut 06904-0251
(203) 961-0404 (Telephone)
(203) 324-4704 (Facsimile)
E-mail: GilsonR@jacksonlewis.com
        KeeC@jacksonlewis.com
        GrenierC@jacksonlewis.com
Its Attorneys

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was served, this date, via regular mail, postage prepaid, to:

William T. Blake, Jr., Esq.
Harlow, Adams & Friedman, P.C.
300 BIC Drive
Milford, Connecticut 06460

_____
Christian A. Grenier

# TAB   A

**The Blake Law Firm**
*295 Main Street*
*West Haven, CT 06516*
*Tel. (203) 931-8882          Fax. (203) 932-3624*
*E mail: william.blake.jr@snet.net*

# Fax

| | | | |
|---|---|---|---|
| **To:** | Chris Grenier, Esq. | **From:** | William T. Blake, Jr., Esq. |
| **Fax:** | 203-324-4704 | **Date:** | 2/25/2003 |
| **Phone:** | 203-961-0404 | **Pages:** | 2 follow |
| **Re:** | Foremen v. Family Care VNA | **CC:** | |

☐ **Urgent**      X **For Review**      x **Please Comment**      **Please Reply**      ☐ **Please Recycle**

•**Comments:**

The attached document contains information that is privileged, and intended for the use of the named recipient only. Any examination or dissemination of this material by anyone other than the named recipient is strictly prohibited. If you receive this document in error, please contact the sender at the above-telephone number and return the document to the sender.

# THE BLAKE LAW FIRM
### 295 Main Street
### West Haven, Connecticut 06516

**William T. Blake, Jr., LLC**
**E mail: william.blake.jr@snet.net**

*Tel. (203) 931-8882*
*Fax (203) 932-3624*

**VIA TELECOPIER (203) 324-4704**

**RECEIVED BY**

February 25, 2003

FEB 2 5 2003

Christian A. Grenier, Esq.
Jackson Lewis LLP
PO Box 251
Stamford, CT 06904-0251

JACKSON LEWIS STAMFORD

**Re: Glen Foreman**
**Civ. Action No. 3:02 CV 1204 (ACV)**

Dear Mr. Grenier:

I am writing in response to your letter dated February 21, 2003, enclosing a draft Rule 26(f) report for the third party complaint. The only change I have is with regard to Section III(A), Brief Description of the Case. I do not agree with the third sentence, which states that the third party defendant was the Director of Human Resources at the time her husband was engaged. While she had some human resources responsibilities, neither her title nor her job duties were those of the Director of Human Resources. I would agree to the following: "The Third Party Defendant was an employee of the Defendant at the time the Plaintiff was hired, and had some human resources responsibilities."

I have also attached my proposed Section III(B), Defenses and Claims.

I have no other changes to the draft document, and consent to its filing if these two changes are made.

Please contact me if you have any questions regarding this matter.

Very truly yours,

William T. Blake, Jr.

## Defenses and Claims of Third Party Defendant

The third party defendant denies that she was the Director of Human Resources from May 1998 to April 2002. She denies that she represented to the third party plaintiff that she had any unique knowledge or expertise in human relations, or state and federal employment laws and regulations. She denies that Family Care relied upon any purported expertise to manage its human resources department. She denies that she advised the third party defendant that its drivers qualified as independent contractors under state and federal law. The third party defendant denies breaching any duty owed to her employer, denies having acted negligently, denies having committed fraud against her employer, and denies having been unjustly enriched.

# TAB  B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Settlement Conference Calendar

Honorable J. Read Murphy, PJO
450 Main Street
Hartford
Chambers Room #125-Annex

June 11, 2003

10:00 a.m.

NOTICE TO COUNSEL:  ALL PARTIES SHALL BE COUNSELLED BY THEIR RESPECTIVE
ATTORNEYS SO AS TO BE PREPARED TO CONSIDER SETTLEMENT REASONABLY REFLEC-
TIVE OF THE ISSUES IN THIS CASE, THE EVIDENCE BEARING THEREON, THE APPLI-
CABLE LAW AND THE RANGE OF POSSIBLE RESULTS IN AN ADJUDICATION.  EACH
PARTY NECESSARY TO CONSIDERATION OF SETTLEMENT SHALL BE IN COURT AT THE
TIME SET FORTH ABOVE.

AT LEAST TWO (2) DAYS BEFORE THE CONFERENCE DATE, EACH PARTY SHALL
SUBMIT TO CHAMBERS A MARKED CONFIDENTIAL EX PARTE STATEMENT OF THE FOLLOWING:

1) ALL CLAIMS; 2) FACTUAL BASIS FOR CLAIMS (INCLUDING DAMAGES); 3) RANGE
OF POSSIBLE RECOVERY; 4) PROBABLE RANGE OF RECOVERY; 5) PROSPECTS FOR
SUCCESS AND REASONS THEREFOR; 6) SETTLEMENT DEMANDS/OFFERS INCLUDING
THE ELEMENTS AND STRUCTURE OF POSSIBLE SETTLEMENT.

3-02-cv-1204  (AVC) Foreman v Family Care Visiting
---------------------------------------------------------

COUNSEL OF RECORD:

William Thomas Blake Jr.    295 Main St., West Haven, CT  203-931-8882

Roger P. Gilson Jr.         Jackson Lewis, 177 Broad St., PO Box 251,
                            Stamford, CT 203-961-0404

Christian A. Grenier        Jackson Lewis, 177 Broad St., PO Box 251,
                            Stamford, CT 203-961-0404

Conrad S. Kee              Jackson Lewis, 177 Broad St., PO Box 251,
                            Stamford, CT 203-961-0404

                            BY ORDER OF THE COURT
                            KEVIN F. ROWE, CLERK

# TAB   C

Follow-Up Settlement Conference Calendar    **RECEIVED BY**

Honorable J. Read Murphy, PJO          AUG - 7 2003
450 Main Street
Hartford                         **JACKSON LEWIS STAMFORD**
Chambers Room #125-Annex

September 10, 2003

10:00 a.m.

NOTICE TO COUNSEL:  ALL PARTIES SHALL BE COUNSELLED BY THEIR RESPECTIVE
ATTORNEYS SO AS TO BE PREPARED TO CONSIDER SETTLEMENT REASONABLY REFLEC-
TIVE OF THE ISSUES IN THIS CASE, THE EVIDENCE BEARING THEREON, THE APPLI-
CABLE LAW AND THE RANGE OF POSSIBLE RESULTS IN AN ADJUDICATION.  EACH
PARTY NECESSARY TO CONSIDERATION OF SETTLEMENT SHALL BE IN COURT AT THE
TIME SET FORTH ABOVE.

AT LEAST TWO (2) DAYS BEFORE THE CONFERENCE DATE, EACH PARTY SHALL
SUBMIT TO CHAMBERS A MARKED CONFIDENTIAL EX PARTE STATEMENT OF THE FOLLOWING:

1) ALL CLAIMS; 2) FACTUAL BASIS FOR CLAIMS (INCLUDING DAMAGES); 3) RANGE
OF POSSIBLE RECOVERY; 4) PROBABLE RANGE OF RECOVERY; 5) PROSPECTS FOR
SUCCESS AND REASONS THEREFOR; 6) SETTLEMENT DEMANDS/OFFERS INCLUDING
THE ELEMENTS AND STRUCTURE OF POSSIBLE SETTLEMENT.

    3-02-cv-1204  (AVC) Foreman v Family Care Visiting
    ------------------------------------------------------------

        COUNSEL OF RECORD:

William Thomas Blake Jr.        295 Main St., West Haven, CT  203-931-8882

Roger P. Gilson Jr.             Jackson Lewis, 177 Broad St., PO Box 251,
                                Stamford, CT 203-961-0404

Christian A. Grenier            Jackson Lewis, 177 Broad St., PO Box 251,
                                Stamford, CT 203-961-0404

Conrad S. Kee                   Jackson Lewis, 177 Broad St., PO Box 251,
                                Stamford, CT 203-961-0404

                                BY ORDER OF THE COURT
                                KEVIN F. ROWE, CLERK

# TAB D

UC-346                          **STATE OF CONNECTICUT**                    PAGE 1 OF 2
(01/99)                   **EMPLOYMENT SECURITY APPEALS DIVISION**
                          35 COURTLAND STREET - 2ND FLOOR
                             BRIDGEPORT, CT.  06604
                          203-579-6271   FAX 203-579-6449
                          INTERNET:  WWW.CTBOARD.ORG

```
-------------------------------------------------
|                   IMPORTANTE                  |
|     TENGA ESTO TRADUCIDO INMEDIATAMENTE       |
|                                               |
-------------------------------------------------
```

            ***  **NOTICE OF HEARING BEFORE A REFEREE**  ***

FAMILY CARE VISITING NURSE & HOME
CARE AGENCY, LLC                      CASE NUMBER:   1429 DD 02
608 FERRY BLVD
STRATFORD           CT 06615       1. APPEALED BY: EMPLOYER

                                   2. DATE THIS NOTICE MAILED TO
                                      INTERESTED PARTIES: SEP. 26,2002

                                   3. ADDITIONAL COPIES OF THIS
                                      NOTICE MAILED TO:


CLAIMANT NAME, ADDRESS & SSN          EMPLOYER NAME, ADDRESS, REG NO.
THERESA E FOREMAN                     FAMILY CARE VISITING NURSE & HOME
297 BROADBRIDGE RD                    CARE AGENCY, LLC
BRIDGEPORT          CT 06610          608 FERRY BLVD
                                      STRATFORD           CT 06615

   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                          93-482-64

AN APPEAL HAS BEEN FILED FROM A DETERMINATION BY THE UNEMPLOYMENT COMPENSATION
DEPARTMENT (ADMINISTRATOR) ON A CLAIM FOR UNEMPLOYMENT BENEFITS. THE APPEAL
WILL BE HEARD BY THE UNDERSIGNED REFEREE.

```
-------------------------------------------------------------------------
|                                                                       |
| HEARING LOCATION: 35 COURTLAND STREET - 2ND FLOOR                     |
|                   BRIDGEPORT, CT.                                     |
|                                                                       |
|                   PLEASE REFER TO THE ATTACHED DIRECTIONS.            |
|                                                                       |
|                   PLEASE PLAN TO ARRIVE 10 MINUTES PRIOR TO THE       |
|                   SCHEDULED HEARING TIME.                             |
|                                                                       |
|                                                                       |
| HEARING DAY/DATE: THURSDAY    OCTOBER 10,2002                         |
|                                                                       |
| HEARING TIME:     1:15 PM    EASTERN TIME                             |
|                                                                       |
-------------------------------------------------------------------------
```

THE HEARING WILL COVER THE ISSUE(S) AND PROVISIONS OF THE LAW WHICH APPEAR ON
PAGE TWO OF THIS NOTICE.

CASE NUMBER:    1429 DD 02

PROVISIONS OF THE LAW:  SECTION 31-236(a)(2)(B) OF THE CONNECTICUT GENERAL
STATUTES AND SECTIONS 31-236-24 THROUGH 31-236-38 OF THE REGULATIONS OF
CONNECTICUT STATE AGENCIES.
ISSUE:  WHETHER THE CLAIMANT WAS DISCHARGED OR SUSPENDED FOR WILFUL
MISCONDUCT.

PROVISIONS OF THE LAW:  SECTION 31-236(a)(2)(A) OF THE CONNECTICUT GENERAL
STATUTES AND SECTIONS 31-236-17 THROUGH 31-236-23 OF THE REGULATIONS OF
CONNECTICUT STATE AGENCIES.
ISSUE:  WHETHER THE CLAIMANT VOLUNTARILY LEFT SUITABLE WORK WITHOUT GOOD
CAUSE ATTRIBUTABLE TO THE EMPLOYER, INCLUDING LEAVING DUE TO A CHANGE IN THE
CONDITIONS OF EMPLOYMENT CREATED BY THE EMPLOYER.

THE APPEALS DIVISION HAS ZERO TOLERANCE FOR WORKPLACE VIOLENCE AND
WEAPONS ARE BANNED FROM OUR BUILDINGS.  THREATENING LANGUAGE OR ACTIONS
TOWARD STAFF OR CLIENTS ARE NOT TOLERATED.  PROPER DECORUM IS EXPECTED.

KAREN D. SCHUMAKER
ASSOCIATE APPEALS REFEREE

| SEE ATTACHED FOR IMPORTANT INFORMATION |