UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GLEN FOREMAN, | : |
|     Plaintiff, | : CIVIL ACTION NO. 3:02 CV 1204 (AVC) |
| v. | : |
| FAMILY CARE VISITING NURSE AND HOME CARE AGENCY LLC, | : |
|     Defendant and Third Party Plaintiff, | : January 30, 2004 |
| v. | : |
| THERESA FOREMAN, | : |
|     Third Party Defendant. | : |

## JOINT TRIAL MEMORANDUM

Pursuant to the Court's December 18, 2003 Pretrial Order Re: Third Party Complaint, the parties submit the following Joint Trial Memorandum:

I. **TRIAL COUNSEL:**

    A.    Third Party Plaintiff's Counsel

        Roger P. Gilson, Jr.
        CT 07810
        Conrad S. Kee
        CT 16904
        Christian A. Grenier
        CT 21851
        JACKSON LEWIS LLP
        177 Broad Street
        P.O. Box 251
        Stamford, Connecticut 06904-0251
        Telephone: (203) 961-0404
        Facsimile: (203) 324-4704
        E-Mail:    gilsonr@jacksonlewis.com
                        keec@jacksonlewis.com
                        grenierc@jacksonlewis.com

    B.    Third Party Defendant's Counsel

        William T. Blake, Jr.
        CT 03071
        HARLOW ADAMS & FRIEDMAN, P.C.
        300 Bic Drive
        Milford, Connecticut 06460
        Telephone: (203) 878-0661
        Facsimile: (203) 878-9568
        E-mail: wtb@quidproquo.com

II. **JURISDICTION:**

    A.    Subject Matter Jurisdiction

        Jurisdiction over Third Party Plaintiff's claim is conferred on this Court by 28 U.S.C. §§ 1331 and 29 U.S.C. §§ 203 et seq.

    B.    Personal Jurisdiction

2

At all relevant times, Third Party Plaintiff has maintained an office and place of business in Connecticut.

At all relevant times, Third Party Defendant has maintained a residence and domicile in Connecticut.

### III. JURY/NON-JURY:

This is a non-jury case.

### IV. LENGTH OF TRIAL:

The parties anticipate trying this case will require approximately three days. The amount of time will likely be divided equally between Third Party Plaintiff's case and Third Party Defendant's case.

### V. FURTHER PROCEEDINGS:

The parties agree that no further proceedings are necessary prior to trial.

### VI. NATURE OF CASE:

The remaining issues at bar consist of the Third Party claims brought by Third Party plaintiff, Family Care Visiting Nurse and Home Care Agency, LLC ("Family Care"), against Third Party defendant, Theresa Foreman ("Mrs. Foreman"). Family Care seeks indemnification from Mrs. Foreman for any and all sums, plus costs and attorneys' fees, that Family Care must pay to Plaintiff Glen Foreman ("Mr. Foreman"), whose underlying claim alleges Family Care violated federal and state wage and hour laws by misclassifying Mr. Foreman as an independent contractor. On March 26, 2003, Family Care presented Mr. Foreman an Offer of Judgment in the sum of $14,484.00, which Mr. Foreman accepted on April 3, 2003.

Mrs. Foreman is, and was at all relevant times, Mr. Foreman's wife. Mr. Foreman

3

provided transportation services to Family Care from 1999 to 2002. During this time, Mrs. Foreman was employed by Family Care. Family Care alleges Mrs. Foreman was its highly compensated Human Resources Director, with responsibilities that included ensuring Mr. Foreman's retention as an independent contractor was in compliance with state and federal wage and hour laws. Mrs. Foreman alleges she was a low level supervisory employee in Family Care's Human Resources department, with no compliance or policy duties.

On April 24, 2002, Mrs. Foreman employment as Family Care's Human Resources Director ended. Family Care alleges Mrs. Foreman abruptly resigned from her position and admitted to Family Care management that, while on Family Care's payroll, she had secretly set up a company to compete directly with Family Care. At the same time Mrs. Foreman's employment with Family Care ended, Mr. Foreman ceased providing transportation services to Family Care. Conversely, Mrs. Foreman alleges her employment with Family Care was suddenly and without prior notice terminated and. On the same day, Mr. Foreman was fired without notice.

On June 10, 2002, Mr. Foreman filed the underlying Complaint alleging Family Care had misclassified him as an independent contractor during the three plus years he had provided it with transportation services.

Family Care alleges that any liability it has to Mr. Foreman related to his years of service is a direct result of Mrs. Foreman's actions as Human Resources Director. Specifically, Family Care alleges Mrs. Foreman breached her fiduciary duty and duty of loyalty, committed fraud, is seeking to be unjustly enriched, and performed her duties in a negligent manner. Mrs. Foreman denies that she had any responsibilities or duties regarding her husband, and denies any act or omission that violated her legal duties to her employer.

4

VII. **TRIAL BY MAGISTRATE JUDGE:**

The parties have not agreed to a trial by Magistrate Judge Thomas P. Smith.

VIII. **LIST OF WITNESSES:**

A. Third Party Plaintiff's Witnesses

1. David A. Krett, Sr.
   Family Care Visiting Nurse and Home Care Agency, LLC
   608 Ferry Blvd., Stratford, CT 06615
   (203) 380-3220

   Will testify regarding Mr. Foreman's independent contractor status and Mrs. Foreman's involvement in the retention and continued treatment of Mr. Foreman as an independent contractor. Will testify about Theresa Foreman's roles as Human Resources Director.

   Anticipated length of testimony, including cross-examination: 2 hours

2. David A. Krett, Jr.
   Family Care Visiting Nurse and Home Care Agency, LLC
   608 Ferry Blvd., Stratford, CT 06615
   (203) 380-3220

   Will testify regarding Mr. Foreman's independent contractor status and Mrs. Foreman's involvement in the retention and continued treatment of Mr. Foreman as an independent contractor. Will testify about Theresa Foreman's roles as Human Resources Director.

   Anticipated length of testimony, including cross-examination: 2 hours

3. Charles Oksenberg
   Family Care Visiting Nurse and Home Care Agency, LLC
   608 Ferry Blvd., Stratford, CT 06615
   (203) 380-3220

   Will testify regarding Mr. Foreman's independent contractor status and Mrs. Foreman's involvement in the retention and continued treatment of Mr. Foreman as an independent contractor. Will testify about Theresa Foreman's roles as Human Resources Director.

   Anticipated length of testimony, including cross-examination: 1 hour

4. Rita Krett
   Family Care Visiting Nurse and Home Care Agency, LLC

5

> 608 Ferry Blvd., Stratford, CT 06615
> (203) 380-3220
>
> Will testify regarding Mr. Foreman's independent contractor status and Mrs. Foreman's involvement in the retention and continued treatment of Mr. Foreman as an independent contractor. Will testify about Theresa Foreman's roles as Human Resources Director.
>
> Anticipated length of testimony, including cross-examination: 2 hour

5. > Deborah Berry
   > Family Care Visiting Nurse and Home Care Agency, LLC
   > 608 Ferry Blvd., Stratford, CT 06615
   > (203) 380-3220
   >
   > Will testify regarding Theresa Foreman's role as Human Resources Director.
   >
   > Anticipated length of testimony, including cross-examination: 45 minutes

6. > Laura Gaus
   > Family Care Visiting Nurse and Home Care Agency, LLC
   > 608 Ferry Blvd., Stratford, CT 06615
   > (203) 380-3220
   >
   > Will testify about Theresa Foreman's roles as Human Resources Director.
   >
   > Anticipated length of testimony, including cross-examination: 1 hour

7. > Ursula Escarate
   > Family Care Visiting Nurse and Home Care Agency, LLC
   > 608 Ferry Blvd., Stratford, CT 06615
   > (203) 380-3220
   >
   > Will testify about Theresa Foreman's roles and duties performed as Human Resources Director.
   >
   > Approximate length of testimony, including cross-examination: 1 hour

8. > Sharon Corriveau
   > 36 Oljay Terrace
   > Milford, Connecticut 06460
   > (203) 878-3142
   >
   > Will testify about Theresa Foreman's roles, responsibilities and tasks performed as Human Resources Director.

        Approximate length of testimony, including cross-examination: 2 hour

9.     Robert "Nelson" Davis
       Family Care Visiting Nurse and Home Care Agency, LLC
       608 Ferry Blvd., Stratford, CT 06615
       (203) 380-3220

       Will testify about Theresa Foreman's roles, responsibilities and tasks performed as Human Resources Director relative to treating drivers as independent contractors.

       Anticipated length of testimony, including direct examination: 45 minutes.

10.    Una Berry
       Family Care Visiting Nurse and Home Care Agency, LLC
       608 Ferry Blvd., Stratford, CT 06615
       (203) 380-3220

       Will testify about Theresa Foreman's roles, responsibilities and tasks performed as Human Resources Director relative to treating drivers as independent contractors.

       Anticipated length of testimony, including direct examination: 25 minutes.

11.    Junior Glen Forman (Plaintiff)
       297 Broad Bridge Road
       Bridgeport, CT 06610

       Will testify about his business relationship with Defendant.

       Anticipated length of testimony, including cross-examination: 1 hour

12.    Theresa Foreman (Third Party Defendant)
       297 Broad Bridge Road
       Bridgeport, CT 06610

       Will testify regarding Plaintiff's business relationship with Defendant and her involvement therewith.

       Anticipated length of testimony, including cross-examination: 3 hours

B.   Third Party Defendant's Witnesses

    1.   Theresa Foreman
        297 Broadbridge Avenue
        Bridgeport, CT

        Mrs. Foreman, the third party defendant, is expected to testify regard her duties as an employee of the third party plaintiff Family Care VNA. She is expected to testify the she operated as a first level supervisor, and that she was not expected to, and did not, provide any guidance on the legality or appropriateness of Family Care VNA's categorization of drivers as independent contractors. All such policy decisions were carried out by members of the Krett family, the owners of the company, including Rita and Bill Krett, and their sons. Mrs. Foreman is expected to deny that she every breached her legal duties to Family Care VNA, and to deny the allegations of the third party complaint. Her testimony is expected to take 3-4 hours.

    2.   Glen Foreman
        297 Broadbridge Avenue
        Bridgeport, CT

        Mr. Foreman, the original plaintiff in this action, is expected to testify to the circumstances under which he came to be engaged by Family Care VNA, specifically that he was hired by Bill Krett, who advised him that he would be an independent contractor. He is expected to deny that his wife had any role in his hiring, or the manner in which he was paid. He is expected to deny that his wife had any role in his bringing the instant lawsuit against Family Care VNA. Mr. Foreman's testimony is expected to take 2-3 hours.

    3.   Mary Marron
        Cherryfield Drive
        Danbury, CT

        Ms. Marron is an outside human relations consultant engaged on a regular basis by Family Care VNA. She is expected to testify to the manner is which Family Care VNA arrived at decisions regarding legal and regulatory treatment of employment questions.
        Her testimony is expected to take 30-45 minutes.

    4.   Ivette Ayala
        586-588 Brook Street
        Bridgeport, CT

        Ms. Ayala was engaged as a coordinator supervisor at Family Care VNA. She is expected to testify regarding the process by which drivers were

hired by Bill Krett, reached agreement regarding payment with Mr. Krett, and reported directly to him.

5.  Charlie Oksenberg
    365 Emerald Place
    Stratford, CT

    Mr. Oxenburg is engaged as a payroll clerk for Family Care VNA. He is expected to testify to the manner in which drivers were paid by Family Care VNA, and that Bill Krett reviewed and approved the payments made to drivers.

6.  Phyllis Adamson
    15 Todd Drive
    Milford, CT

    Ms. Adamson was a billing clerk for Family Care VNA. She is expected to testify that Mrs. Foreman's duties were confined to working with home health aids, and that she had no involvement with drivers. Her testimony is expected to take one-half hour.

7.  Angela Degregoria
    56 N. Spring Street, Apt. 2
    Ansonia, CT

    Ms. Degregoria worked in Family Care VNA's billing department. She is expected to testify to the roles played by Theresa Foreman and Rita Krett at Family Care VNA. Her testimony is expected to take one half to one hours.

8.  Cassius Davis
    114 Horace Street
    Bridgeport, CT

    Ms. Davis worked as a payroll coordinator at Family Care VNA. She is expected to testify to the roles played by Theresa Foreman and Rita Krett at Family Care VNA. Her testimony is expected to take one half to one hours.

9.  Jumoke Andrews
    114 Horace Street
    Bridgeport, CT

    Ms. Andrews was employed as a coordinator assistant at Family Care VNA. She worked with Ivette Ayala in and the company's drivers. She is

expected to testify about the hiring and supervision of the company's drivers. She is expected to testify to the roles played by Theresa Foreman and Rita Krett at Family Care VNA. Her testimony is expected to take one half to one hours.

10. Kathleen Gandrillis
    964 Laurel Avenue
    Bridgeport, CT 06604

Ms. Gandrillis was employed as a payroll supervisor at Family Care VNA. She is expected to testify about the payroll practice of the company. She is expected to testify to the roles played by Theresa Foreman and Rita Krett at Family Care VNA. Her testimony is expected to take one half to one hours.

## IX. EXHIBITS:

A. Third Party Plaintiff's Exhibits ("Plaintiff's No.")

| | | |
|---|---|---|
| Plaintiff's No. 1 | Mrs. Foreman's Resume | -Contains information on her knowledge and experience |
| Plaintiff's No. 2 | CT Assoc. for Home Care Wage/Hour Law materials | -Materials distributed at seminar attended by Mrs. Foreman |
| Plaintiff's No. 3 | CT Assoc. for Home Care Wage/Hour enrollment | -Completed enrollment, payment and agenda |
| Plaintiff's No. 4 | Mrs. Foreman's Application For Employment | -Contains information on her knowledge and experience |
| Plaintiff's No. 5 | Dir. of Human Resources Job Description | -Contains information regarding Mrs. Foreman's responsibilities |
| Plaintiff's No. 6 | 5/99 Payroll Status Change and Performance Evaluation | -Contains information regarding Mrs. Foreman's performance |
| Plaintiff's No. 7 | 5/00 Payroll Status Change | -Contains information regarding Mrs. Foreman's performance |
| Plaintiff's No. 8 | 5/01 Payroll Status Change and Performance Evaluation | -Contains information regarding Mrs. Foreman's performance |
| Plaintiff's No. 9 | Employee Confidentiality Agreement | -Contains certain commitments Mrs. Foreman made to Family Care |

| | | |
|---|---|---|
| Plaintiff's No. 10 | Correspondence to Mrs. Foreman regarding former driver's wage claim | -Contains information regarding Mrs. Foreman's responsibilities as Human Resources Director |
| Plaintiff's No. 11 | The Foreman's Joint Tax Return for 1999 | -Shows they benefited financially from Mr. Foreman's Independent Contractor status |
| Plaintiff's No. 12 | The Foreman's Joint Tax Return for 2000 | -Shows they benefited financially from Mr. Foreman's Independent Contractor status |
| Plaintiff's No. 13 | The Foreman's Joint Tax Return for 2001 | -Shows they benefited financially from Mr. Foreman's Independent Contractor status |
| Plaintiff's No. 14 | The Foreman's Joint Tax Return for 2002 | -Shows they benefited financially from Mr. Foreman's Independent Contractor status |

B.  Third Party Defendant's Exhibits

Defendant's Ex. 1   1-20-99 Glen Foreman application for employment

Defendant's Ex. 2 Miscellaneous employment documents for Glen Foreman

Defendant's Ex. 3 Resume of Theresa Foreman

Defendant's Ex. 4 Theresa Foreman's employment application

Defendant's Ex. 5 5-10-00 Performance evaluation for Theresa Foreman

Defendant's Ex. 6 5-7-99 Performance evaluation for Theresa Foreman

Defendant's Ex. 7 6-19-01 Performance evaluation for Theresa Foreman

## X. DEPOSITION TESTIMONY

A.  Third Party Plaintiff

Third Party Plaintiff intends to read the following deposition testimony into evidence at trial:

1.  Glen Foreman Deposition – pp. 37, 38

2.  Theresa Foreman Deposition Transcript – p. 96

11

## XI.  TRIAL TO COURT/JURY:

### A.  Court

#### Stipulation of Uncontroverted Facts

1. Family Care is a limited liability company that provides visiting health care professionals to clients who require in-home health care and assistance.

2. Some of these employees have no personal transportation, thus inhibiting their ability to get to and from the homes of Family Care clients. Family Care often provides transportation of such employees to their worksites.

3. Glen Foreman was retained to provide such transportation services and he was paid as an independent contractor, basing his compensation on the amount of time he spent providing transportation services, and reimbursing him for his mileage.

4. Theresa Foreman was employed by Family Care from May 1998 to April 2002.

5. Mrs. Foreman has been married to Mr. Foreman since 1994.

6. Mr. Foreman provided transportation services for Family Care until April 24, 2002.

7. During the course of Mrs. Foreman's employment with Family Care, Mr. Foreman did not question or challenge his independent contractor status, nor the means by which he was compensated for services rendered.

8. A few weeks after Mrs. Foreman left Family Care's employ, Mr. Foreman filed suit against Family Care, alleging he had been an employee, not an independent contractor, and was entitled to unpaid overtime, statutory liquidated damages and attorneys' fees.

9. Mr. Foreman did not question or challenge his status as an independent contractor during the two and one-half years he provided transportation services to Family Care.

10. Mr. Foreman filed the lawsuit giving rise to this Third Party Claim less than two months after Mrs. Foreman's employment with Family Care ended

#### Third Party Plaintiff's Disputed Statements of Fact

1. Mrs. Foreman was Family Care's Human Resources Director.

2. Before working at Family Care, Ms. Foreman worked in Human Resources for several years and operated her own business.

3. As Family Care's Human Resources Director, Mrs. Foreman's responsibilities included, but were not limited to, managing the Human Resources Department and ensuring the company's full compliance with all state and federal employment laws and regulations.

4. As Director of Human Resources, Mrs. Foreman was one of Family Care's highest paid employees.

5. Family Care paid for Mrs. Foreman to attend various seminars on human resources, employment and wage and hour laws.

6. Mrs. Foreman expressly represented to Family Care that she possessed specialized knowledge and experience that enabled her to satisfy these requirements.

7. In 1999, Mrs. Foreman, on behalf of Family Care, retained the services of her husband, Mr. Foreman, to provide transportation services for the company.

8. Mrs. Foreman represented to Family Care that she believed her retention and treatment of Mr. Foreman as an independent transportation contractor was legal and proper.

9. Based on her representations that she had specialized knowledge and expertise regarding employment laws and regulations, as well as her fiduciary duty as a highly paid executive of the company, Family Care reasonably relied upon Mrs. Foreman's representations and assurances.

10. On each of their relevant joint tax returns, Mr. and Mrs. Foreman completed a Schedule C (Profit or Loss From Business) with respect to the services Mr. Foreman performed for Family Care, thereby holding Mr. Foreman out to the IRS as an independent contractor.

11. On each of those same tax returns, the Foreman's claimed business-related expenses that exceeded Mr. Foreman's income from Family Care.

12. In 2000, Mr. Foreman claimed to the IRS that he had driven 117,792 miles on behalf of Family Care resulting in an expense of $38,325.00.

13. In 2000, Mr. Foreman also claimed expense of $2,760.00 for insurance, thereby increasing his total claimed expenses to $41,729.

14. As a consequence of Family Care treating Mr. Foreman as an independent contractor, Mr. and Mrs. Foreman were able to avoid paying *any* federal or state income tax on Mr. Foreman's earnings, and were even able to offset a significant portion of Mrs. Foreman's income.

15. Mr. Foreman has not amended his tax returns to reflect this alleged employee status.

16. Mrs. Foreman resigned from her employment with Family Care on April 24, 2002.

17. At the time of her resignation, Mrs. Foreman advised Family Care that Mr. Foreman would no longer be available to Family Care as an independent transportation contractor.

18. Consequently, Family Care ceased offering Mr. Foreman routes.

19. In 2000, Mr. Foreman claimed to the IRS that he had driven 117,792 miles as a result of the services he provided to Family Care.

20. Even if Mr. Foreman drove for Family Care every single day of the year, which he did not, he would have had to log 322 miles per day to reach this total. This is highly improbable considering Mr. Foreman's driving routes were local runs.

21. As a consequence of Family Care treating Mr. Foreman as an independent contractor, Mr. and Mrs. Foreman were able to avoid paying *any* federal or state income tax on Mr. Foreman's earnings, and were even able to offset a significant portion of Mrs. Foreman's income.

22. For example, in 2000, Mr. Foreman's claimed expenses exceeded his total income by $7,096. This excess was then used to offset Mrs. Foreman's taxable income from $52,177 to $45,081.

23. During her employment with Family Care, Mrs. Foreman did not disclose to Family Care that she might believe, or might assist her husband to claim, that Mr. Foreman had been misclassified as an independent contractor.

24. Mrs. Foreman was a highly paid executive who represented herself to Family Care as possessing superior knowledge and expertise regarding employment-related issues.

25. Mrs. Foreman was an agent of Family Care with a duty to ensure the company's compliance with all wage and hour laws.

26. Mrs. Foreman expressly assured Family Care that she believed her retention of and arrangements with independent contractors, including her

husband, Mr. Foreman, complied with all state and federal wage and hour laws.

27. Mrs. Foreman made these representations in a self-dealing effort to obtain financial benefits from Family Care through payments to her husband.

28. Family Care justifiably relied on these representations and assurances.

29. Mrs. Foreman deliberately failed to disclose to Family Care that she might believe or might assist her husband to claim that Family Care may have violated state or federal law.

30. Mrs. Foreman had a duty to ensure Family Care complied with state and federal employment laws and regulations, and to inform Family Care if she believed there was any chance the company was not in full compliance.

31. By exposing Family Care to Mr. Foreman's action against Family Care, Mrs. Foreman breached that duty, thereby causing any and all damages suffered by Family Care as a result of Mr. Foreman's claims.

32. Less than two months after the termination of her employment with Family Care, however, Mrs. Foreman's husband, plaintiff Glen Foreman, whose services had been retained by Theresa Foreman, filed actions against Family Care in Court and with the Connecticut Department of Labor with challenging his independent contractor status.

33. As evidenced by her husband's immediate filing of the instant action after the termination of her employment, Mrs. Foreman's representations were false; i.e., she believed her husband had been misclassified all along.

34. Foreman made these false representations in an effort to induce Family Care to believe it was in full compliance with the wage and hour laws.

35. Family Care believed Theresa Foreman's false representations and was induced to allow her to continue the arrangement with her husband, the Plaintiff.

Third Party Defendant's Statement of Facts and Conclusions of Law

1. Theresa Foreman was employed as a low level supervisory employee with some human resource responsibilities.

2. Theresa Foreman had no involvement in the relationship between Family Care VNA and her husband.

3. As a low level supervisory employee, Theresa Foreman had no input into the classification of the drivers, including her husband, as independent

15

contractors.

4. Mrs. Foreman did not breach her duty of loyalty to the company, did not commit fraud or negligence, and denies any basis for a claim of unjust enrichment, all as alleged by the third party defendant.

Stipulation of Uncontroverted Law

1. Breach of Fiduciary Duty and Duty of Loyalty. A fiduciary relationship consists of a "unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." Dunham v. Dunham, 204 Conn. 303, 322, 528 A.2d 1123 (1987). Highly-paid executives with superior knowledge of a particular area have a fiduciary duty and duty of loyalty to their employers. Esposito v. Connecticut College, Civ. No. 543055, 1999 WL 81305 (Conn. Super. Feb. 10, 1999)(finding possible breach of fiduciary duty and duty of loyalty by employee against employer).

2. Fraud. Under Connecticut law, a fraud claim requires: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury. Miller v. Appleby, 183 Conn. 51, 54-55, 438 A.2d 811 (1981).

3. Unjust Enrichment. In Connecticut, a plaintiff seeking recovery for unjust enrichment must prove: (1) the defendant was benefited; (2) the defendant unjustly failed to pay Mr. Foreman for the benefit; and (3) the failure to pay was to Mr. Foreman's detriment. Avotte Brothers Construction Company v. Finney, 42 Conn. App. 578, 581 (1996).

4. Negligence. To prove negligence, a plaintiff must demonstrate: (1) the defendant had a duty to the plaintiff; (2) the defendant breached that duty; (3) causation; and (4) actual injury. RK Constructors, Inc. v. Fusco Corporation et al., 231 Conn. 381, 384, 650 A.2d 153 (1994).

B. Jury

Not applicable.

January 30, 2004

THIRD-PARTY PLAINTIFF,
FAMILY CARE VISITING NURSE AND HOME CARE AGENCY, LLC

By: _____
Roger P. Gilson, Jr.
CT 07810
Conrad S. Kee
CT 16904
Christian A. Grenier
CT 21851
JACKSON LEWIS, LLP
177 Broad Street
P.O. Box 251
Stamford, Connecticut 06904-0251
(203) 961-0404 (Telephone)
(203) 324-4704 (Facsimile)
E-mail: GilsonR@jacksonlewis.com
KeeC@jacksonlewis.com
GrenierC@jacksonlewis.com
Its Attorneys

January 30, 2004

THIRD-PARTY DEFENDANT,
THERESA FOREMAN

By: William T Blake, Jr  /CAG
William T. Blake, Jr.
CT 03071
WILLIAM T. BLAKE, JR., LLC
295 Main Street
West Haven, CT 06516
Tel: (203) 931-8882
Fax: (203) 932-3624
E-mail: william.blake.jr@snet.net
Her Attorney

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first-class mail, postage prepaid, on this 30th day of January, 2004, addressed as follows:

        William T. Blake, Jr.
        William T. Blake, Jr., LLC
        295 Main Street
        West Haven, CT 06516

                              _____
                              James F. Shea

59821