

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GLEN FOREMAN** | : | **CIVIL ACTION NO.:**<br>**3:02 CV 1204 (ACV)** |
| v. | : | |
| **FAMILY CARE VISITING NURSE** | : | |
| **AND HOME CARE AGENCY, LLC** | : | September 26, 2003 |

### PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES PURSUANT TO 29 U.S.C. §216(b)

Now comes the Plaintiff, Glen Foreman, by and through his attorney, William T. Blake, Jr., and respectfully request this Honorable Court to

3:02CV1204(AVC). April 15, 2004. This is an action arising out of the defendant's alleged failure to pay the plaintiff overtime wages in violation of federal law. It is brought pursuant to, inter alia, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. On March 26, 2003, the defendant made an offer of judgment in the amount of $14,473. On April 3, 2003, the plaintiff accepted the defendant's offer. On September 16, 2003, the court entered a partial judgment in the amount of $14,473 in the plaintiff's favor. On September 26, 2003, the plaintiff filed the within application for attorney's fees pursuant to 29 U.S.C. § 216(b). For the reasons that hereinafter follow, the plaintiff's application for attorney fees (document no. 32) is DENIED without prejudice to its refiling in accordance with this order.

    A plaintiff who prevails in a cause of action brought pursuant to the FLSA may recover reasonable attorney's fees. See 29 U.S.C. § 216(b). In determining the proper amount of fees due, courts apply the so-called lodestar analysis. See, e.g., Moore v. Freeman, 355 F.3d 558, 565 (6th Cir. 2004). Pursuant to the lodestar analysis, a court must first determine "the number of hours reasonably expended on the litigation . . . ." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Wells v. Bowen, 855 F.2d 37, 44 (2d Cir. 1988) (initial step in lodestar analysis is determination of lodestar amount, which "represents the *number of hours reasonably worked on a case* multiplied by the reasonable hourly rate") (emphasis added).

    Pursuant to these principles, the court concludes that the application for attorney fees should be denied without prejudice. Based on the evidence currently before the court, the number of hours reasonably expended on the litigation is unclear. Specifically, the billing records submitted by plaintiff's counsel include work that appears to have been performed well after the parties settled this case. The records also appear to include work performed on behalf of the plaintiff's wife and not in conjunction with the prevailing party's claim. Thus, absent further clarification, the court is unable to ascertain the number of hours reasonably expended on the litigation. Therefore, the application for attorney's fees is DENIED without prejudice to it refiling in accordance with this order. SO ORDERED.

                                   Alfred V. Covello, U.S.D.J.