UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GLEN FOREMAN** | : | CIVIL ACTION NO.:<br>3:02 CV 1204 (ACV) |
| **v.** | : | |
| **FAMILY CARE VISITING NURSE** | : | |
| **AND HOME CARE AGENCY, LLC** | : | July 27, 2004 |

### PLAINITFF'S BRIEF IN SUPPORT OF
### RENEWED MOTION FOR ATTORNEY'S FEES

The Plaintiff, Glen Foreman, files this brief ins support of his renewed motion for attorney's fees. The plaintiff has revised his application to remove all attributable to work on the third party defendant's case, despite his belief that the third party claim was filed as retribution for the filing of the case in chief. The plaintiff attaches a copy of the original affidavit of attorney's fees, reflecting the revisions that have been made in light of the Court's April 15, 2004 decision denying the motion for attorney's fees without prejudice. The revisions delete all of the time entries that the Court found problematic.

The statutory framework of the Fair Labor Standards Act makes clear that is designed to protect the rights of workers who are exploited by employers who ignore the law in the quest for additional profits. The defendant seeks to reduce the award for attorney's fees, when it was the defendant's illegal conduct that required the performance of the legal services that resulted in those fees. The defendant's arguments fly in the face of the clear congressional intent in providing for an award of attorney's fees under the FLSA. The plaintiff's applications for attorney's fees, as modified, should therefore be granted.

### LEGAL ARGUMENT AND AUTHORITY

**I.**   **The Hours Expended by Plaintiff's Counsel Were Reasonable.**

A successful FLSA claim carries with it the recovery of attorney's fees.

1

Diaz v. Robert Ruiz, Inc., 808 F.2d 427, 429 (5th Cir. 1987). The function of an award of attorney's fees is to encourage the bringing of meritorious civil rights actions. Kerr v. Quinn, 692 F.2d 875, 877 (2d Cir. 1982). Awarding the plaintiff his attorney's fees as sought in the accompanying application will comply with the explicit terms of the FLSA, and act in furtherance of Congress' intent in enacting the FLSA.

The plaintiff requests the Court to approve 53.8 hours of legal services for payment. The hours set forth in the original fee application and affidavit of plaintiff's counsel, have been modified herein in accordance with the Court's April 15, 2004 ruling. The plaintiff has reduced his fee application by a total of 11.8 hours. This was arrived at by reducing the original fee application by 12.8 hours, offset by one hour of time to prepare this renewed application. A copy of the original fee billing statement, with deletions indicated, is attached hereto. More specifically, the following hours have been eliminated.

| **DATE** | **DESCRIPTION** | **HOURS** |
| --- | --- | --- |
| Oct 2, 02 | Telephone call with client re: unemployment hearing | 0.10 |
| Oct 3, 02 | Telephone call with client re: unemployment hearing | 0.10 |
| Oct 21, 02 | Review of motion to cite in T. Foreman. Telephone call with client re: Motion to cit in | 0.30 |
| Oct. 30, 02 | Telephone call with Foreman re: results of unemployment hearing. | 0.20 |
| Feb 21, 03 | Review letter from Attorney Grenier, motion to extend time, 26 (f) report for third party claim. | 1.00 |
| Feb. 25, 03 | Draft letter to Grenier. Draft statements re: defenses and counterclaims. | 0.60 |
| Apr. 02, 03 | Telephone call with C. Grenier re: settlement offer. Telephone call with T. Foreman. | 0.20 |

| Jun 3, 03 | Telephone call with client re: settlement conference | 0.20 |
| Jun 05, 03 | Draft Settlement Conference Statement | 2.10 |
| Jun 06, 03 | Revise Settlement Conference Statement, mail to Special Master Murphy. | 0.50 |
| Jun 11, 03 | Prepare for, travel to and attend Settlement Conference in Hartford. | 4.30 |
| Sep. 10, 03 | Prepare for travel to and attend second Settlement Conference | 3.20 |

**Total Hours Reduced** **12.8**

The hours deducted fall generally within the parameters of time described by the Court in its April 15, 2004 ruling as being improper as: 1) work performed after the settlement of the plaintiff's case; and 2) work performed on behalf of the plaintiff's wife and thus not in conjunction with the prevailing party's case. All such hours have been removed. In addition, any time related to the plaintiff's unemployment hearing have been removed.

These revised hours claimed by the plaintiff were reasonable in light of the complexity of the matter being litigated, the time and labor required, and fee awards in similar cases. The fee award requested is in accordance with Second Circuit precedent, which holds that a prevailing party may be entitled to compensation for attorney's fees incurred in litigating his entitlement to an award of fees. Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999).

## Conclusion

For all of the reasons set forth hereinabove, the plaintiff respectfully requests that his renewed appication for a fee award be granted.

THE PLAINTIFF

By: *[signature]*
William T. Blake, Jr.
Harlow, Adams & Friedman, P. C..
300 Bic Drive
Milford, CT 06460
(203) 878-0661
fax (203) 878-9568

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed via first class United States mail on July 27, 2004 to the following:

Conrad S. Kee, Esq.
Jackson Lewis LLP
PO Box 251
Stamford, CT 06904-0251

*[signature]*
William T. Blake, Jr.

4