UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GLEN FOREMAN, | |
| Plaintiff, | CIVIL ACTION NO. 3:02 CV 1204 (AVC) |
| v. | |
| FAMILY CARE VISITING NURSE AND HOME CARE AGENCY LLC, | August 18, 2004 |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| THERESA FOREMAN, | |
| Third-Party Defendant. | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S RENEWED APPLICATION FOR ATTORNEY'S FEES**

Defendant, Family Care Visiting Nurse and Home Care Agency, LLC, submits this memorandum of law in opposition to the Renewed Application for Attorney's Fees filed by Plaintiff, Glen Foreman ("Plaintiff"). The fees sought by Plaintiff are precluded by the Court's July 15, 2004 Bench Ruling and Rule 54 of the Federal Rules of Civil Procedure. In the alternative, even if allowed, Plaintiff's request for fees should be significantly reduced because large portions of the fees are incorrectly calculated, unnecessary, based on improperly recorded time entries, excessive, and/or redundant.

**I.      BACKGROUND**

Plaintiff initiated this matter in Connecticut Superior Court. The Complaint alleged Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 203 et seq. ("FLSA"), and

Connecticut's wages statute, C.G.S. § 31-71a, by classifying him as an independent contractor during the several years he provided transportation services to Defendant. The Complaint sought lost overtime, liquidated damages and attorneys' fees. In July 2002, Defendant removed this matter to Federal Court.

On November 18, 2002, the Court granted Family Care's motion for leave to implead Plaintiff's wife, Theresa Foreman, as a third-party defendant. The third party complaint alleged breach of fiduciary duty/duty of loyalty, fraud, unjust enrichment, and negligence. These claims stemmed from Mrs. Foreman's participation in the retention and continued use of Plaintiff by Defendant as an independent contractor. Mrs. Foreman retained Plaintiff's counsel to represent her, as well.

On March 26, 2003, pursuant to Federal Rule of Civil Procedure 68, Family Care served upon Plaintiff an Offer of Judgment in the sum of $14,484.00. The Offer expressly stated that neither it, nor any judgment that may result from the Offer, should be construed as an admission of liability under the FLSA or Connecticut wage and hour laws. Plaintiff accepted the Offer on April 3, 2003, thereby ending the litigation between Plaintiff and Defendant.

On September 16, 2003, the Court ordered the Clerk to enter an order for the amount of the Offer of Judgment, plus costs and accrued interest. On September 18, 2003, the Clerk so entered the judgment.

On September 26, 2003, Plaintiff's counsel filed an application for attorneys' fees. Defendant filed a memorandum of law in opposition to the application. On April 15, 2004, the Court issued an Order denying Plaintiff's application, without prejudice to refile a renewed application in accordance with the Court's Order, which did not modify the time limits for filing a fee application.

In the Order, the Court advised it was unable to ascertain the reasonable number of hours Plaintiff's counsel reasonably expended on the litigation, because Plaintiff's fee application included time entries for unrelated work and work allegedly done after Plaintiff accepted the Offer of Judgment. Plaintiff did not file a revised application during the three months following the Court's Order.

On July 14 and 15, 2004, the Court tried the third-party action and issued a Bench Ruling in favor of Mrs. Foreman. In issuing its Ruling from the Bench, the Court made clear that the Ruling ended the Federal litigation; that there would be no further costs to either party. Plaintiff's counsel did not object to the Court's Ruling. On July 22, 2004, the Clerk entered the Judgment. On July 27, 2004, Plaintiff filed a Renewed Application for Attorney's Fees.

## II.   ARGUMENT

### A.   The Renewed Application is Not Timely Filed

Rule 54(d)(2)(B) provides: "Unless otherwise provided by statute or order of the court, [a motion for attorneys' fees] must be filed and served no later than 14 days after entry of judgment." Local Rule 11 of the U.S. District Court, District of Connecticut's Local Rules of Civil Procedure extends the time frame for filing a motion for attorneys' fees to thirty days following the entry of judgment. For the purposes of Rule 54, the acceptance of a Rule 68 Offer of Judgment constitutes a final judgment. Gardner v. Catering By Henry Smith, Inc., 205 F.Supp.2d 49, 51 (E.D.N.Y. 2002), citing, inter alia, Chambers v. Manning, 116 F.R.D. 5 (D.Conn. 1996). Once this final judgment is entered pursuant to Local Rule 77.1, the time period for filing a motion for attorneys' fees begins to run. Id.

In Gardner, the plaintiffs brought FLSA and state law claims for unpaid overtime and vacation pay. On December 21, 2001, they accepted a Rule 68 Offer of Judgment, thereby resolving their wage claims. The Clerk entered judgment on January 8, 2002, but the plaintiffs

3

did not file a motion for attorneys' fees until February 27, 2002. This was beyond Rule 54's time limit.[1] Accordingly, the plaintiffs' fee application was denied.

### 1. The Court's Entry of Judgment In the Third-Party Litigation Had No Bearing on the Time Frame for Filing Attorneys' Fees

Plaintiff contends that a new thirty-day period for filing a fee application in Plaintiff's case commenced with the Court's July 22, 2004 entry of judgment in the third-party litigation. This is incorrect.

Plaintiff accepted Family Care's Rule 68 Offer of Judgment on April 3, 2003, and the Clerk entered the judgment on September 18, 2003. This triggered the time period for filing an application for attorneys' fees in Plaintiff's case. The outcome of the third-party claim had no bearing on Plaintiff's acceptance of the Offer of Judgment. That acceptance represented a final judgment in Plaintiff's case. Therefore, Court's July 22, 2004 entry of judgment in the third-party complaint had no bearing on the time frame in which Plaintiff was required to file an application for attorneys' fees.

### 2. At the Latest, Plaintiff Should Have Re-Filed His Fee Application Within Thirty Days of the Court's April 15, 2004 Order

The Court's April 15, 2004 Order denying Plaintiff's application offered Plaintiff an opportunity to file an amended application, but it did not modify the time frame within which such an application should be filed. Without an express modification of the time frame set forth by the Local Rules, the time period under the Local Rule (i.e., 30 days) stands.

Under the present circumstances, Plaintiff's amended application should have been filed within 30 days of the Court's Order (i.e., on or before May 15, 2004). Plaintiff failed to do so. Instead, he did not file an amended application until on or about July 29, 2004. This

---

[1] New York law does not expand Rule 54's 14-day time period.

4

was over three months after the Court's Order. Accordingly, Plaintiff's amended application should be denied as untimely.

### B. The Court's Bench Ruling Precluded Any Further Costs to Either Party

During the trial regarding the third-party complaint, Defendant advised the Court that Plaintiff had not yet submitted an amended fee application. Defendant advised the Court it believed any future application would be untimely. Defendant believes the Court took this position into account when, in issuing its Ruling from the Bench, the Court emphasized there would be no further costs taxed to either party.

Thus, while the Judgment entered on July 15, 2004 reiterates entry of judgment in favor of Plaintiff, it did not reset the 30-day period in which Plaintiff could file an application for attorneys' fees. That time period, which ran from the time the judgment was entered in September 2003, had long since expired, with no modification of that time frame by the Court.

### C. Even If Plaintiff's Renewed Application Was Timely Filed, It Must Be Reduced Substantially

The Court is authorized to review the substance and circumstances of claimed fees to determine whether they are fair and reasonable. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1982). To make this determination, the Court employs a two-step approach. The first step is to ascertain the number of hours each attorney reasonably spent on the matter. Hensley, 461 U.S. at 433. This includes analyzing the substance and applicability of each time entry; e.g., whether the legal work claimed is sufficiently identified and explained, whether the work truly involved the FLSA matter, whether the work was redundant or unnecessary, etc. During this step, the Court is authorized to reduce the number of hours claimed to have been spent on the matter. Soler v. G & U, Inc., 801 F.Supp. 1056, 1060 (S.D.N.Y. 1992).

Once the Court determines the reasonable number of hours, it then multiplies that number by a reasonable hourly rate for the billing attorney. Id. The resulting figure is called the lodestar amount. The Court may then adjust this lodestar amount upward or downward depending on the circumstances of the case. Id., citing, Pennsylvania v. Delaware Valley Citizens' Counsel, 483 U.S. 711, 729-31, 107 S.Ct. 3078 (1987); Blum v. Stenson, 465 U.S. 886, 899, 104 S.Ct. 1541 (1984).

In the present case, Plaintiff's claimed attorneys' fees should be adjusted down for several reasons.

    1.    The Reasonable Hourly Rate For Plaintiff's Counsel is No More than $175 per Hour

In paragraph 6 of the Affidavit of Plaintiff's Counsel In Support of Renewed Application for Attorney's Fees, Plaintiff's counsel represents that his normal hourly rate for legal services in 2002 and 2003 was $200 per hour. This contradicts the affidavit submitted in support of Plaintiff's initial application, wherein Plaintiff's Counsel averred his hourly rate in 2002 was $175 per hour.

Accordingly, assuming the hourly rates Plaintiff's counsel charged during 2002 and 2003 were reasonable, which may not be the case, the time billed in 2002 should be billed at $175 per hour, not $200 per hour, as Plaintiff's counsel now claims.

Based on his own time records, Plaintiff's counsel spent 22.6 hours on this matter in 2002 and 30.2 hours in 2003. However, Plaintiff's counsel seeks to charge $200 per hour for all these hours, for a total of $10,560.00. This is incorrect. At a minimum, the amount of attorneys' fees sought should be adjusted to reflect the appropriate billing rates. The 22.6 hours from 2002 should be billed at $175 per hour, with the remaining 30.2 hours billed at $200. Base

on this amended calculation, the maximum fees Plaintiff's counsel should recover are $9995.00 (22.6 hours x $175/hour, plus 30.2 x $200/hour).

        2.      <u>Plaintiff Has Provided No Evidence that His Hourly Rate, Including the Increase in 2003, Was Reasonable</u>

Plaintiff provided no evidence that these hourly rates are those prevailing in the community for similar services by counsel of reasonably comparable skill, experience and reputation. Moreover, Plaintiff's counsel has not submitted any evidence of his alleged fixed fee agreement with Plaintiff. Such evidence is generally a factor in evaluating a reasonable rate. <u>Sorrentino v. All Seasons Services</u>, 245 Conn. 759, 776, 717 A.2d 150 (Conn. 1998). In fact, "the actual billing arrangement certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded." <u>The Crescent Publishing Group, Inc. v. Playboy Enterprises, Inc.</u>, 246 F.3d 142, 151 (2d Cir. 2001). Accordingly, the Court has the discretion to adjust the hourly rate downward – to $175 per hour for all time, or lower.

        3.      <u>The Litigation in This Matter Was Unnecessary</u>

Hours the Court deems "excessive, redundant or otherwise unnecessary" may be excluded from the lodestar determination. <u>Patterson v. Julian</u>, 250 F.Supp.2d 36, 48-49 (N.D.N.Y. 2003). Here, the litigation in Court was unnecessary.

First, Plaintiff never made a demand to Defendant for overtime compensation prior to filing the instant action. Moreover, as discussed above, the DOL provides an administrative mechanism for employees to vindicate their rights under Connecticut's wage and hour laws. The DOL has a toll-free number, a user-friendly website on the internet with easily understandable wage and hour advice, and simple complaint forms. Plaintiff was aware of the DOL's services in, at the latest, May 2002, well before he filed this action.[2] Further, his wife,

---

[2] <u>See</u>, Glen Foreman's Deposition Transcript, p. 41, attached to the Declaration of Christian A. Grenier at Tab A.

7

Mrs. Foreman, was a human resource professional with nearly ten years experience. In addition, she also reviewed the DOL information Plaintiff received in May 2002, well before Plaintiff commenced this action.[3]

Thus, this litigation was not necessary. Plaintiff could have achieved the same result by contacting the DOL, thereby avoiding the unnecessary cost of engaging an attorney. Even in the unlikely event Plaintiff and his wife did not realize from their review of the DOL's materials that such an option was available, Plaintiff's attorney should have so advised Plaintiff. In doing so, Plaintiff's counsel would certainly have need no more than five hours (i.e., advising his client and responding, as needed, to DOL requests for information), rather than the significant time he expended bringing this action.

Accordingly, because the bulk of the time spent on this litigation was unnecessary, any time in excess of five hours should be excluded when calculating reasonable attorneys' fees.

4. <u>Several Time Entries Should Be Excluded Because They Commingle Different Activities</u>

Many of Plaintiff's counsel's time entries contain several activities improperly grouped together. For example, the June 11, 2002 entry states: "Research status of defendant with Secretary of State. Draft writ, summons and complaint. Draft letter to marshal [(3.10 hours)]." Likewise, the September 16, 2002 entry states: "Prepare Rule 26 report. Organize review and produce documents. Telephone call with client re: information for Rule 26 report [(2.20 hours)]." There are several similar entries, each claiming significant time, but not allocating the amount of time spent on each specific activity.

---

[3] <u>Id.</u>

8

Such entries are improper and should be excluded from the Court's calculations of reasonable attorneys' fees. "[T]he commingling of activities within one time entry impedes the court's efforts to evaluate the reasonableness of any of the listed activities." Soler, 801 F.Supp. at 1063 (excluding 31.75 hours from claimed attorneys' fees because relevant time entries contained commingled activities, which prevented Court from evaluating reasonableness of time entries). Accordingly, all such entries should be excluded from the Court's calculation of Plaintiff's attorney's fees.

In addition to the June 11, 2002 (3.1) entry and September 16, 2002 (2.2) entries discussed above, the other time entries containing improperly commingled activities include: July 15, 2002 (0.3 hours); August 14, 2002 (0.4); August 19, 2002 (1.10); September 17, 2002 (2.5); November 1, 2002 (1.5); November 26, 2002 (3.2); January 21, 2003 (3.5); January 22, 2003 (2.4); January 23, 2003 (0.8); February 11, 2003 (0.8); February 19, 2003 (1.5); February 20, 2003 (0.1); March 31, 2003 (3.5); April 1, 2003 (0.2); and April 3, 2003 (1.4). The total number of hours billed to these entries with commingled activities is 28.5. If these hours were billed at $200 per hour, as Plaintiff's counsel calculates in his Application, the requested attorneys' fees should be reduced $5700.00.[4]

     5.    <u>Time Allocated to Research Should Be Reduced Because It is Excessive</u>

In paragraph 2 of Plaintiff's Counsel's Affidavit, he avers he has been practicing law in Connecticut for seventeen years and during the past ten years, "a significant portion of [his] practice has been in employment-related legal matters." In paragraph 6, Plaintiff's counsel further avers that his hourly rates are "at the lower end of the prevailing market rates in the

---

[4] This $5760.00 figure does not take into account whether the Court already adjusted the total amount downward based on Plaintiff's counsel using the incorrect hourly rate for 2002 entries. The total amount of hours attributed to entries with commingled activities in 2002 is 14.3. $175 times 14.6 is $2502.50. Therefore, if the Court already made the downward adjustment on 2002 entries, the total reduction in attorneys' fees for commingled entries would be $5342.50 (i.e., 14.3 hours at $175/hour plus 14.2 hours at $200/hour).

9

community for attorneys with similar skills and experience." Notwithstanding this apparent breadth of experience, Plaintiff's counsel bills nearly nine hours solely to research regarding claims under the FLSA and state wage and hour statute. This seems unreasonable given the fact the issues in this matter were neither novel nor particularly complex. Small v. Richard Wolf Medical Instruments Corp., 264 F.3d 702, 708 (7th Cir. 2001)(affirming District Court's reduction of hours experienced FLSA attorney billed on relatively straightforward matter).

Specifically, the time entries include the following:

a. June 10, 2002: Legal research re: FLSA claim. Review of elements of Connecticut wage payment statute claim. Review of factual background, possible causes of action. (3.20 hours)

b. January 7, 2003: Legal research re: determination of independent contractor and employee status for FLSA. Analyze facts in light of factors. (3.30 hours)

c. January 20, 2003: Review case law regarding FLSA standards. Determine prospects for summary judgment decisions. (2.30 hours)

Moreover, not only do these entries appear unreasonably excessive, they also appear redundant. As such, they should be ignored or reduced to a more reasonable figure of three hours.

### D. Summary of Hours Reasonably Expended

As noted above, no more than five hours was necessarily expended to achieve the result in this case because of the availability of the Connecticut Department of Labor. Even disregarding this issue, Plaintiff's requested hours should be reduced by a total of 36.3 hours, including 28.5 hours for commingled time entries and 7.8 hours for unnecessary research. Accordingly, the Court should allow between 5 and 16.5 hours for plaintiff's counsel work in this matter.

E.   **Plaintiff's Lodestar Claim Should Be Reduced Downward**

Once the Court has determined the reasonable amount of hours expended and the reasonable hourly rate for such services, it has the discretion to reduce the product of those two figures based on other external factors. United States Football League v. National Football League, 887 F.2d 408, 415 (2d Cir. 1989). Such factors include: (1) the novelty and difficulty of the issues; (2) the skill required to properly perform the legal services; (3) the amount involved and the results obtained; (4) the length of time and nature of the attorney's professional relationship with the client; (5) time limitations imposed by the client; and (6) the litigation's interference with the attorney's ability to handle other matters. Id. Some of these factors may be subsumed by the Court's initial calculation of the lodestar rate, but many are not.

For example, this case presented issues that were not particularly complex or novel. It essentially required an application of the facts to the well-defined independent contractor test under the Fair Labor Standards Act. This should not have been a particularly difficult task for an experienced employment attorney. Moreover, the amount at issue was not, by Federal litigation standards, significant. In fact, the matter resolved for under $15,000. In addition, notwithstanding that much of the time billed to this matter should be excluded, it does not appear, based on the total amount of time he billed, that handling this matter precluded Plaintiff's counsel from taking on other matters or consumed a prohibitive amount of time.

The federal court system should not provide a financial incentive to commence a lawsuit without determining whether the parties can resolve their differences before commencing the lawsuit. To the extent that the Court does not consider the availability of the Department of Labor or the plaintiff's failure to make any attempts to resolve this matter before commencing suit in the context of hours reasonably expended, the Court should consider these factors as a basis to reduce the lodestar calculation downward.

### III.   CONCLUSION

For the foregoing reasons, Defendant, Family Care Visiting Nurse and Home Care Agency, LLC, respectfully requests that the Court exercise its discretion by fully reviewing and properly reducing significantly the amount of attorney's fees Plaintiff, Glen Foreman, seeks in his renewed application for said fees.

Respectfully submitted,

DEFENDANT
FAMILY CARE VISITING NURSE AND
HOME CARE AGENCY LLC

By: _____
Roger P. Gilson, Jr.
CT 07810
Conrad S. Kee
CT 16904
Christian A. Grenier
CT 21851
JACKSON LEWIS, LLP
177 Broad Street, P.O. Box 251
Stamford, Connecticut 06904-0251
(203) 961-0404 (Telephone)
(203) 324-4704 (Facsimile)
E-mail: GilsonR@jacksonlewis.com
          KeeC@jacksonlewis.com
          GrenierC@jacksonlewis.com
Its Attorneys

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was served, this date, via regular mail, postage prepaid, to:

> William T. Blake, Jr., Esq.
> Harlow, Adams & Friedman, P.C.
> 300 BIC Drive
> Milford, Connecticut 06460

_____
Christian A. Grenier