UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GLEN FOREMAN,<br>    Plaintiff,<br><br>vs.<br><br>FAMILY CARE VISITING NURSE<br>AND CARE AGENCY LLC,<br>    Defendant. | :<br>:<br>:<br>:<br>: Civil No. 3:02CV1204(AVC)<br>:<br>:<br>:<br>: |

**ORDER ON RENEWED APPLICATION FOR ATTORNEY'S FEES**

This is an action for damages arising out of the defendant, Family Care Visiting Nurse and Care Agency LLC's (Family Care) alleged failure to pay the plaintiff, Glen Foreman, overtime wages in violation of federal law. It is brought pursuant to, inter alia, the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201.

The plaintiff has filed the within renewed application for attorney's fees (document no. 56). Specifically the plaintiff's attorney requests that the court award him "attorney's fees . . . in the amount of $10,760.00, for 53.8 hours of work, at the rate of $200.00 per hour." Family Care responds that the court should deny the motion as untimely, or in the alternative, the "claimed attorneys' fees should be adjusted down for several reasons."

The issues presented are 1) whether the plaintiff's renewed motion for attorney's fees is time barred, and 2) if the motion is timely, the amount of attorney's fees that the court should award.

The court concludes that 1) the plaintiff's renewed motion is not time barred, and 2) the court will determine the appropriate amount of attorney's fees following an evidentiary hearing. For

1

the reasons that hereinafter follow, the motion (document no. 56) for attorney's fees is GRANTED as set forth below.

**FACTS**

Glen Foreman originally filed this action in Connecticut superior court. On July 12, 2002, Family Care filed a notice of removal to federal court. On November 18, 2002, the court granted Family Care's motion to implead a third-party defendant, Theresa Foreman, the plaintiff's wife. Specifically, Family Care sought "indemnification from Mrs. Foreman for any and all sums, plus costs and attorneys' fees, that Family Care must pay to . . . Glen Foreman." The same attorney has represented both Glen Foreman and Theresa Foreman throughout this action.

On March 25, 2003, Family Care made an offer of judgment to the plaintiff, Glen Foreman, in the amount of $14,484.00. On April 3, 2003, Foreman accepted the offer of judgment. Consequently, on September 16, 2003, the court ordered "the clerk to enter an order of partial judgment for the plaintiff in the amount of $14,484.00, plus costs and accrued interest." (document no.29-1). The order further stated that the "third party complaint [against Theresa Foreman] shall remain pending." On September 18, 2003, the clerk entered judgment in favor of Glen Foreman.

On September 26, 2003, ten days after the court's judgment in favor of Glen Foreman, he filed a timely application for attorney's fees pursuant to 29 U.S.C. § 216(b)(document no.32).

2

After reviewing this first application for attorney's fees, however, the court concluded that "absent further clarification, the court is unable to ascertain the number of hours reasonably expended on the litigation." Accordingly, on April 15, 2004, the court denied the application "without prejudice to its refiling in accordance with this order." The court's order, however, failed to set a deadline for the filing of an amended application.

From July 14, 2004 through July 15, 2004, the court held a bench trial on Family Care's indemnification action against the plaintiff's wife, Theresa Foreman. At the conclusion of trial, the court issued a bench ruling in favor of Theresa Foreman. On July 22, 2004, the clerk entered judgment in favor of Theresa Foreman.

Five days later, on July 27, 2004, the Foremans' attorney submitted a renewed application for attorney's fees on behalf of Glen Foreman. On August 18, 2004, Family Care submitted its memorandum in opposition.

## DISCUSSION

### I. Timeliness of the Renewed Application for Attorney's Fees

Family Care first argues that Glen Foreman's July 2004 renewed application for attorney's fees "should be denied as untimely." Specifically, Family Care argues that the "amended application should have been filed within 30 days" of the court's April 15, 2004 order denying Foreman's first application. Foreman does not respond.

3

### A.  Thirty Day Filing Deadline

A plaintiff who prevails in a cause of action brought pursuant to FLSA may recover reasonable attorneys' fees. See 29 U.S.C. § 216(b). The plaintiff, however, has a limited time in which to file a motion for attorneys' fees. Specifically, Federal Rule of Civil Procedure 54(d)(2)(B) provides, in relevant part: "Unless otherwise provided by statute or order of the court, the motion [for attorneys' fees] must be filed no later than *14 days* after entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(emphasis added). The District of Connecticut Local Rules grant additional time for filing motions for attorneys' fees. Pursuant to Local Rule 11, motions for attorneys' fees "shall be filed with the Clerk and served on opposing parties within *thirty (30) days* of the entry of judgment." D. Conn. L. Civ. R. 11 (emphasis added).

After the thirty day deadline, however, a district court may still allow a party to file a motion for attorneys' fees if the court concludes the late filing was the result of "excusable neglect." Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004).

### B.  Entry of Judgment

In determining when the time period for filing a motion for attorneys' fees begins to run, courts first look to when the "entry of judgment" occurred. Gardner v. Catering By Henry Smith, Inc., 205 F. Supp. 2d 49, 51 (E.D.N.Y. 2002). Federal Rule 54(a) defines a "[j]udgement" for purposes of the rules governing the filing of

4

motions for attorneys' fees, as "a decree and any order from which appeal lies." Fed. R. Civ. P. 54(a).

In <u>Gardner v. Catering By Henry Smith, Inc.</u>, 205 F. Supp. 2d 49, 51 (E.D.N.Y. 2002), a district court addressed the issue of whether a plaintiff's acceptance of an offer of judgment in a similar action brought pursuant to FLSA constituted a final judgment for purposes of Fed. R. Civ. P. 54. The court held that the "acceptance of . . . [the] offer of judgment constitutes a final judgment." 205 F. Supp. 2d 49, 51 (E.D.N.Y. 2002).

Applying the law to this action, Foreman's acceptance of the offer of judgment and the clerk's subsequent September 18, 2003 entry of judgment in favor of Foreman constituted a final judgment in the action between Foreman and Family Care for purposes of Fed. R. Civ. P. 54. Accordingly, the time period for Foreman's filing a motion for attorney's fees initially began to run on September 18, 2003.

### C. Foreman's Two Applications for Attorney's Fees

#### 1. First Application

Because the final entry of judgment in the action between Glen Foreman and Family Care occurred on September 18, 2003, Foreman had until October 18, 2003, i.e. thirty days after the court's entry of judgment, to file a motion for attorney's fees. Foreman's first application was clearly timely because he filed it on September 26, 2003, well before this deadline.

### 2. Second Application

When the court denied the first application for attorney's fees on April 15, 2004 "without prejudice to its refiling," the court's order failed to specify a new deadline for the filing of an amended application. Given the court's lack of clarity, the court concludes that the plaintiff's filing of the renewed application in July 2004 was at the very least the result of "excusable neglect." Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004). Accordingly, the court declines to conclude that Foreman's application for attorney's fees is time barred.

## II. Amount of Attorney's Fees

The plaintiff asks the court to award a total of "$10,760.00 for 53.8 hours of work, at the rate of $200.00 per hour." The defendants respond with numerous arguments that the "claimed attorneys' fees should be adjusted down." Specifically, the defendants argue that the $200.00 hourly rate is unreasonable, the "bulk of the time spent on this litigation was unnecessary," the time entries "contain several activities improperly grouped together," and the plaintiff's attorney charged for hours of unnecessary research.

In light these disputes as to the appropriate amount of fees, the court declines to determine the exact amount of fees at this time. The court will hold an evidentiary hearing on the issue at a date to be scheduled by the clerk of the court.

## CONCLUSION

For the foregoing reasons, the motion for attorney's fees (document no. 56) is GRANTED. The court will hold an evidentiary hearing on the exact amount of attorney's fees at a time to be set by the clerk of the court.

It is so ordered, this 9TH day of March, 2005 in Hartford, Connecticut.

---
Alfred V. Covello, U.S.D.J.